IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALICIA E. BROWN                                                                                      PLAINTIFF

vs.                                       Civil No. 4:09-cv-04020

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Alicia E. Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed her SSI application on March 28, 2006.  (Tr. 35).  In this application, Plaintiff alleged an onset date of January 1, 2002.  (Tr. 35).  Plaintiff alleged she was disabled due to anxiety attacks.  (Tr. 57).  This application was initially denied on July 6, 2006 and was denied again on reconsideration on November 30, 2006.  (Tr. 26-27).  On December 4, 2006, Plaintiff requested an administrative hearing on her application.  (Tr. 34).  This hearing request was granted, and a hearing

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

on this matter was held on August 30, 2007 in Texarkana, Arkansas. (Tr. 197-213). Plaintiff was present and was represented by non-attorney counsel, Stanley Brummal, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") C. Greg Cates testified at this hearing. *See id.* On the date of this hearing, Plaintiff was twenty-four (24) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the eighth grade in school. (Tr. 200-202).

On November 28, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 12-19). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 28, 2006, her application date. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the following severe impairment: anxiety disorder. (Tr. 14, Finding 2). However, the ALJ also determined Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-18). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not fully credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds the claimant has residual functional capacity reflecting no exertional, postural, or manipulative limitation. Non-exertionally, she is able to perform work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote with few variables and requiring little judgment; and supervision required is simple, direct, and concrete.

2

(Tr. 15, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she had no PRW she could perform. (Tr. 18, Finding 5). The ALJ then evaluated whether she could perform other work existing in the national economy. (Tr. 18-19, Finding 9). The VE testified at the administrative hearing on this issue. (Tr. 197-213). The VE testified that a hypothetical person with Plaintiff's limitations could perform the requirements of representative occupations such as an assembler (150,000 such jobs in the nation and 2,500 such jobs in the state) and hand packer (400,000 such jobs in the nation and 3,000 such jobs in the state). (Tr. 19).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On February 27, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-7). On March 23, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on April 3, 2009. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ's decision "is not supported by substantial evidence because it failed to follow the treating physician rule." (Doc. No. 7, Pages 5-9). Specifically, Plaintiff claims the ALJ erred (1) by failing to give proper weight to the opinion of her treating physician and (2) by failing to properly evaluate her treating physician's opinion pursuant to the six factors contained in "S.S.R. 95-2(p)." *Id.* Plaintiff claims both of these mistakes are reversible errors. In response, Defendant argues that the ALJ properly assessed the opinion of Plaintiff's treating physician and that the ALJ's disability determination is supported by substantial evidence in the record. (Doc. No. 8, Pages 4-10). This Court will address both Plaintiff's points of error.

    **A.**    **Weight Given to Plaintiff's Treating Physician**

Plaintiff argues the ALJ improperly gave little weight to the opinion of her treating physician, Dr. Eve Covas, M.D. (Doc. No. 7, Pages 5-10). Plaintiff claims Dr. Covas treated her from 2004 through the date of the ALJ's decision and claims Dr. Covas's findings establish she is disabled. *See id.* Plaintiff argues Dr. Covas found she experienced "moderate functional limitations in her activities of daily living, in her ability to maintain social functioning, and in maintaining concentration, persistence, or pace." *Id.* Plaintiff also argues Dr. Covas identified three extended episodes of decompensation. *See id.* Plaintiff argues that these findings, along with the opinions of Jeffery Kauffman, L.C.S.W. and Kenneth Hobby, Ph.D., establish she is disabled. *See id.*

5

This Court has reviewed the transcript and relevant briefing in this case. Based upon this review, this Court finds the ALJ did not err by discounting Dr. Covas's opinion. Notably, in reviewing the transcript, this Court found three sets of medical records: (1) treatment notes dated from 2004 until 2007 and a questionnaire dated August 2, 2006 from Dr. Eve Covas, M.D.; (2) a psychological evaluation dated June 17, 2006 by Dr. Kenneth Hobby, Ph.D.; and (3) treatment notes dated from 2007 and a mental RFC assessment dated March 20, 2006 from Jeffery Kauffman, L.C.S.W. (Tr. 64-191). This Court will address each of these three sets of medical records.

### (1)    Dr. Eve Covas, M.D.

As an initial matter, Defendant does not dispute that Dr. Covas is Plaintiff's treating physician. (Doc. No. 8, Page 4). Therefore, this Court will presume Dr. Covas is Plaintiff's treating physician and will give her opinion the appropriate weight. *See* 20 C.F.R. § 404.1527(d)(2) (stating, "[g]enerally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations").

Dr. Covas's records date from 2004 until 2007. (Tr. 99-161, 165-173). Importantly, in the three-page questionnaire dated August 2, 2006, Dr. Covas found Plaintiff suffered from the following limitations due to her anxiety disorder: moderate restrictions in activities of daily living; moderate difficulties in maintaining social functioning; and moderate difficulties in maintaining concentration, persistence, and pace. (Tr. 96). Dr. Covas found that, due to her anxiety, Plaintiff had experienced three episodes of decompensation of extended duration. *See id.* Dr. Covas also found Plaintiff was "uncapable [sic] of regular employment" due to her anxiety. *See id.*

Despite this report, however, Dr. Covas's treatment notes do not indicate that Plaintiff has

such severe limitations. Instead, those notes indicate Plaintiff's anxiety was successfully treated with medication. For instance, Dr. Covas's notes indicate that Plaintiff's anxiety was much improved on Zoloft. (Tr. 99, 101, 109, 120, 129, 166, 169). The most recent progress notes from Dr. Covas dated May 25, 2007 indicate that Plaintiff had been "doing so well" on Zoloft that she did not want to change medication. (Tr. 166). Indeed, on the same day as Dr. Covas completed the above-mentioned disability forms, August 2, 2006, Dr. Covas noted that Plaintiff reported a "great big difference" on Zoloft. (Tr. 109). Dr. Covas also observed in September of 2006 that Plaintiff appeared more calm and noted that Plaintiff wanted to stay on Zoloft because it had been the best medication she had used. (Tr. 101). This evidence indicates that Plaintiff's anxiety was controlled with medication and should not be considered disabling. *See Brown v. Barnhart,* 390 F.3d 535, 540 (8th Cir. 2004) (holding that "'[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling.'") (citation omitted).

**(2)    Dr. Kenneth Hobby, Ph.D.**

Dr. Hobby evaluated Plaintiff as a part of a consultative examination on June 17, 2006. (Tr. 64-74). As a one-time examining physician, Dr. Hobby's opinion may not be entitled to substantial weight. *See* 20 C.F.R. § 404.1527(d). Further, the majority of Dr. Hobby's findings support the ALJ's disability determination. Dr. Hobby observed Plaintiff was able to relate appropriately and maintain appropriate eye contact. (Tr. 64). Although Plaintiff acknowledged she became nervous in a new situation or a big crowd, she acknowledged that Zoloft helped her. (Tr. 65). Dr. Hobby observed no limitation in her ability to concentrate, and she appeared to persist at a task until the task was completed. (Tr. 72). While Dr. Hobby opined Plaintiff would probably respond poorly to work pressures in a work setting, he also opined that Plaintiff had the ability to understand, carry out, and remember instructions. (Tr. 73). He noted Plaintiff appeared to have a good capacity to respond to

7

supervision. (Tr. 73).

Further, Dr. Hobby noted that Plaintiff appeared to have some limited capacity to respond appropriately to co-workers and that the most likely source of difficulty was her reported social phobia. (Tr. 73). Plaintiff argues that the ALJ did not properly consider this finding. However, in reviewing the ALJ's opinion, this Court finds the ALJ accounted for such limitations in his RFC assessment when he determined Plaintiff was limited to work where interpersonal contact was incidental to work performed. (Tr. 15, Finding 4). Accordingly, based upon this assessment of Dr. Hobby's opinions, this Court finds the ALJ did not err by disregarding some of Dr. Hobby's opinions.

### (3) Mr. Kenneth Kauffman, L.C.S.W.

Mr. Kauffman treated Plaintiff from February until June of 2007 and completed a RFC evaluation of Plaintiff on March 20, 2006. (Tr. 162-164, 174-191). In this evaluation, Mr. Kauffman found Plaintiff had an extreme limitation in her ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and marked limitations in her ability to interact appropriately with the general public. (Tr. 163).

Mr. Kauffman is a Licensed Clinical Social Worker ("L.C.S.W."). Under the social security regulations, a L.C.S.W. is not considered an "acceptable medical source" who can provide evidence to establish the existence of a medically determinable impairment or disability. 20 C.F.R. § 416.913(a). Rather, such social workers are only considered "other medical sources" whose opinions the ALJ should evaluate on key issues such as impairment severity and functional effects along with the other relevant evidence in the file. *See* SSR 06-03p. Therefore, because he is not an "acceptable" medical source, his opinion is not entitled to significant weight.

Further, as the ALJ appropriately noted, Mr. Kauffman's opinions are inconsistent with

Plaintiff's daily activities and Dr. Covas's treatment notes. (Tr. 18). Notably, Plaintiff reported extensive daily activities, including the ability to clean house, pay bills, run errands, watch television, take care of her animals, prepare meals, do laundry, go shopping, and attend church. (Tr. 49-53). Plaintiff also indicated she had no problem getting along with family and friends, although she acknowledged that she sometimes became nervous around people. (Tr. 54). Plaintiff indicated she got along well with authority figures. (Tr. 55). Plaintiff told consultative examiner Dr. Hobby on June 17, 2006 that she cleans, cooks, pays the bills, shops from groceries as long as she does not get nervous, and is "capable of doing anything at home." (Tr. 71-72). She acknowledged an ability to drive a car on familiar and unfamiliar routes. (Tr. 72). Based upon these report daily activities and Dr. Covas's records (as outlined above), this Court finds the ALJ's decision to discount Mr. Kauffman's opinions is supported by substantial evidence in the record.

### B. Factors in 20 C.F.R § 404.1527(d)

Plaintiff argues the ALJ also committed reversible error by failing to reference the six factors listed in S.S.R. 95-2(p).[2] In support of her claim that the ALJ was required to consider those six factors in his opinion, Plaintiff cited *Newton v. Apfel,* 209 F.3d 448, 456 (5th Cir. 2000). This case is from the Fifth Circuit and is not binding on this Court. Further, in the Eighth Circuit, an ALJ is required to consider the relevant factors in 20 C.F.R. § 404.1527(d)(2)-(6) but need not necessarily review *each of those* factors in his or her opinion. Instead, if the ALJ chooses to discount the opinion of a treating physician, the ALJ must "give reasons" for doing so in his or her opinion. *Hamilton v. Astrue,* 518 F.3d 607, 610 (8th Cir. 2008). In this case, the ALJ gave good reasons for discounting the opinion of Dr. Covas. (Tr. 18). Specifically, the ALJ noted the following

---

[2] This Court presumes Plaintiff is referring to the factors listed in 20 C.F.R. § 404.1527(d)(2)-(6). There are no such factors in S.S.R. 95-2(p).

9

inconsistencies between Dr. Covas's assessment and the record:

> First, the claimant's limitations as detailed in Dr. Covas' assessment dated August 2, 2006 are not commensurate with her activities of daily living detailed within treatment notes. For instance, Dr. Covas indicated on June 1, 2006 that the claimant was working in a video store and that she was attending GED classes on September 14, 2005. Dr. Covas also reported on the date of assessment that Zoloft had improved her condition (Exhibit 4F). . . . Third, the responses provided by the claimant on the Function Report confirms she is able to cook, shop, pay bills, and attend church services. These activities discredit the limitations alleged by the claimant at hearing as well as the restrictions within Dr. Covas' assessment (Exhibit 1E).

(Tr. 18).

These stated reasons are sufficient to justify the ALJ's decision to discount Dr. Covas's opinion. Accordingly, because the ALJ's decision to discount Dr. Covas's opinion was properly supported, this Court finds the ALJ's disability determination was also properly supported by substantial evidence in the record and should be affirmed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 31st day of March, 2010.**

                                                 s/ Barry A. Bryant
                                                 HON. BARRY A. BRYANT
                                                 U. S. MAGISTRATE JUDGE